IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:14-cr-323 |
| v. | : | |
| LAQUAN L. KELLAM | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant Laquan Kellam's motion to dismiss Count 5 of a superseding indictment for possession of a firearm in furtherance of a drug trafficking crime. (Doc. 61.) For the reasons that follow, the motion will be denied.

## I.  Background

On December 18, 2014, a federal grand jury returned a four-count indictment against Kellam related to possession with intent to distribute quantities of cocaine base. Three of these counts concerned controlled buys that occurred on June 20, 25, and 27, 2014 (Oct. 6, 2015 Hr'g Tr. at pp. 4:9-8:1), and the fourth count involved drugs seized from 3212 Green Street, Harrisburg, Pennsylvania. Defendant was arrested on July 8, 2014.

On January 27, 2015, Kellam surrendered to federal law enforcement officials with their understanding that he would cooperate. (*Id.* at p. 5.) However, his cooperation was not forthcoming. On September 10, 2015, Defendant filed a motion to suppress physical evidence and statements (Doc. 26), wherein he argued, *inter alia*, that the arresting officers had no probable cause to make a warrantless

arrest, that he was not advised of his Miranda rights, and that he did not consent to the search of 3212 Green Street. A hearing on said motion was filed on October 6, 2015, and the motion was denied on October 29, 2015. (Docs. 48 & 49.) On October 28, 2015, Kellam was charged in a superseding indictment with possessing a firearm in furtherance of a controlled substance offense. (Doc. 42.) On February 1, 2016, the instant motion was filed.

## II.     Legal Standard

A defendant can prove a claim of vindictiveness in one of two ways: (1) actual vindictiveness by showing evidence of retaliatory motive, or (2) facts sufficient to give rise to a presumption of vindictiveness. *U.S. v. Paramo*, 998 F.2d 1212, 1220 (3d Cir. 1993). "[W]here the government's conduct is attributable to legitimate reasons, [the court] will not apply a presumption of vindictiveness." *Id.* (citing *U.S. v. Esposito*, 968 F.2d 300, 305 (3d Cir. 1992)). The defendant has the burden of proving his claim. *Id.*

In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Supreme Court "for the first time considered an allegation of vindictiveness that arose in a pretrial setting." *U.S. v. Goodwin*, 457 U.S. 368, 376 (1982). The Court "held that the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges

against an accused who refused to plead guilty to the offense with which he was originally charged." *U.S. v. Goodwin*, 457 U.S. 368, 376 (1982).

In *U.S. v. Armstrong*, 517 U.S. 456 (1996), the Court stated that, "[i]n the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* at 465 (citing *Bordenkircher*, 434 U.S. at 364)).

### III.     Discussion

Kellam's argument appears to be that the government filed the superseding indictment as punishment for his desire to go to trial on the initial charges. He claims that the government has no evidence to support the gun charge, and that, prior to the search of 3212 Green Street, there was no evidence presented that he possessed a firearm. As to the firearm found at 3212 Green Street, he argues that it was registered to Ashley Smith and that he did not live at the residence. (Doc. 62, p. 4.) He further alleges that "it was never part of the negotiation that if he did not plead guilty then a firearm charge would be added." (*Id.* at p. 5.)

At the suppression hearing, the following facts, pertinent to the matter *sub judice*, were presented: On July 28, 2014, Kellam was arrested after police observed him leave 3212 Green Street. Prior to the police conducting a search of

3

the residence, Kellam provided them with a key to the back door. (Oct. 6, 2015 Hr'g Tr. at p. 18.) Upon gaining entry to the home using that key, Kellam directed the police to a box in a kitchen cabinet containing multiple bags of crack cocaine, and next to cash and a nine millimeter handgun in an upstairs bedroom. (*Id.* at pp. 18-19.) The gun was later found to be registered to Ashley Smith, the mother of two of Kellam's children.

Despite his familiarity with 3212 Green Street and access thereto, Kellam testified at the suppression hearing that he lived exclusively at 1414 North 6th Street, Harrisburg, Pennsylvania, with Evalina Thomas, the mother of two of Kellam's other children. (*Id.* at p. 85.) At the hearing, Ms. Thomas testified that she owned a nine millimeter handgun. (Oct. 15, 2015 Hr'g Tr. at pp. 22-23.)

At the suppression hearing, there was additional evidence presented concerning the probable nexus that both Ms. Smith and Ms. Thomas had with Kellam's drug activities. For instance, during the June 20, 2014 drug buy, Kellam arrived in a black Nissan bearing a Pennsylvania registration belonging to Ashley Smith at 3212 Green Street, Harrisburg, Pennsylvania. (Oct. 6, 2015 Hr'g Tr. at pp. 42-43.) During the June 25, 2014 drug transaction, Kellam was reported to be driving a grey BMW. (Id. at p. 46.) This vehicle is alleged to be registered to Ms. Thomas. (Doc. 65, p. 7.)

Contrary to Kellam's unsupported contention that the possibility of a felony firearm charge was never a part of the plea negotiations (Doc. 62, p. 5), in a sworn affidavit executed on February 16, 2016, the prosecutor stated as follows:

> On July 10, 2015, I met with Shawn Dorward, counsel for the defendant, to engage in plea negotiations. During the course of that meeting, I raised the possibility of charging the defendant with possessing a firearm in furtherance of a controlled substance offense, if plea negotiations over the initial indictment were no successful.

(Doc. 65, p. 18 ¶ 4.)

## IV.  Conclusion

Based on the nexuses of the firearms being present at both of the premises to which Kellam had access and Kellam's use of cars belonging to the women who occupied those two premises for drug transactions, the government had sufficient evidence to bring a gun charge. The fact that Kellam was warned during plea negotiations that a gun charge may be brought based on this evidence if negotiations were unsuccessful takes this case out of the realm of vindictive prosecution. The motion will therefore be denied.

An appropriate order will issue.

      s/Sylvia H. Rambo
      United States District Judge

Dated: April 6, 2016