IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 14-cr-323** |
| | : | |
| **v.** | : | |
| | : | |
| **LAQUAN L. KELLAM** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which was filed by Defendant Laquan Kellam on July 13, 2016. (Doc. 96.) The government responded on July 28, 2016. (Doc. 103.) The matter is ripe for disposition, and for the reasons that follows, the motion will be denied.

**I.    Background**

Kellam was charged in a five-count superseding indictment with distribution of an unspecified quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 1-3), possession with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 4), and possession of a firearm in furtherance of narcotics trafficking activities in violation of 18 U.SC. § 924(c) (Count 5).  On June 29, 2016, a jury convicted him of all five counts. He now seeks a judgment of acquittal from this verdict.

## II. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Third Circuit Court of Appeals has stated that the relevant inquiry in deciding a motion for judgment of acquittal is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. McIntyre*, 612 F. App'x 77, 78 (3d Cir. 2015) (quoting *United States v. Carabllo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). With this standard as a guide, the Rule 29 motion will be addressed.

## III. Discussion

### A. Counts 1-3

Kellam argues that the government failed to prove beyond a reasonable doubt that on June 20, 25 and 27, 2014 he possessed a controlled substance, that he knew he possessed a controlled substance, and that he intended to distribute a controlled substance. (Doc. 98, p. 4.)

The incidents of June 20, 25 and 27, 2014 involved controlled buys set up by the Harrisburg Police Department vice unit. The subject of the controlled

buys was Kellam. The police used a confidential informant, later identified as Daryell Crawford, to make the controlled buys of crack cocaine.

Kellam claims that, as to the June 20th buy, "it is questionable whether the evidence . . . even showed him at the scene." *Id.* at p. 5. As to the June 25th buy, Kellam argues that the police lost visual contact with Crawford for a period of thirty seconds and therefore his actions during this period were unaccounted for. *Id.* at p. 6. As to the June 27th buy, Kellam argues that there were no images on the police video showing him possessing drugs or making a hand to hand exchange of money or drugs. *Id.* He further argues that the preliminary search of Crawford prior to each of the buys was inadequate. *Id.* He argues that all of the evidence on these counts was circumstantial.

Detective Lau of the Harrisburg Police Department, the prosecuting agent, testified as to the procedure used before each buy. Crawford would call Kellam and arrange for a time, place, quantity of drugs, and price. Lau would be present during these calls. Crawford's vehicle and body were searched before and after the buys. The currency used for the buys was prerecorded. Visual recordings were made of Crawford at the time he left the company of the police and through the conclusion of the transactions. Other officers were involved in the making of the visual observations of Crawford's movements during these buys. After the buys, the drugs were turned over to the police. A preliminary test was performed

on the drugs which confirmed the drugs were crack cocaine. The drugs were sent to the Pennsylvania State Police crime lab for further verification.

Crawford testified at trial as to these controlled buys. He also testified to an occasion when Kellam confronted him and said that he knew Crawford was the one who set him up by Crawford's use of the term "small boy" for the quantity of drugs he wanted to buy. Crawford was known in the drug community for using these words.

There is both circumstantial and direct evidence from which the jury could find guilt beyond a reasonable doubt on Counts 1-3.[1] Judgment of acquittal as to these counts will be denied.

**B. Count 4**

Kellam argues that the government has failed to meet its burden in proving the possession element of this charge. In doing so, he ignores the chain of events surrounding the search of the Greet Street residence.

On July 18, 2014, Detective Lau observed Kellam leave the Green Street residence. Detective Lau requested Dauphin County sheriffs who were in the vicinity to detain Kellam. Upon his detention, Kellam cooperated. He admitted that he had cocaine on his person and that he was on his way to make a delivery. He

---

[1] "Evidence which is sufficient to support a conviction need not be direct, and such conviction may be supported by circumstantial evidence." *United States v. Cohen*, 455 F. Supp. 843, 851 (E.D. Pa. 1978), *aff'd*, 594 F.2d 855 (3d Cir. 1979).

assisted in getting the police entry into the Green Street residence and he showed the police the location of a shoe box where 280 grams of crack were bagged, which he admitted were his. A cell phone on his person contained the same number that Crawford used when setting up the controlled buys in June. Following the search, he gave a recorded confession.

All of the above was sufficient for the jury to find beyond a reasonable doubt that Kellam possessed 280 grams of crack cocaine. The motion for judgment of acquittal will be denied as to Count 4.

**C. Count 5**

Kellam claims that the only evidence the government has to show that he possessed the .9 mm gun found at the Green Street residence is his association with Ms. Smith, the mother of two of his children who lived at the residence.

On July 18, 2014, the day of the search, Kellam voluntarily directed the police officers to the location of cash and a firearm in an upstair's bedroom. The cash, consisting of approximately $2,000 in small bills, was located in a dresser drawer. The firearm was holstered and hanging on a bedpost in the same bedroom. Ms. Smith claimed that the money was hers and that she used it to pay rent and bills. She also claimed that the firearm was hers and that she needed it for protection because of the type of neighborhood in which she lived.

At the time of the purchase of the gun, Ms. Smith was earning $20,000 to $30,000 per annum and she had two children to support. At the time of trial, she was earning $41,000 and lived in the same neighborhood, but did not possess a gun and could not afford to purchase one.

At trial, the government presented the similarity of the circumstances of the purchase of the guns by Ms. Smith and Evalina Thomas. Ms. Thomas also resides in Harrisburg and testified that Kellam lived with her and their two children prior to his arrest. The jury was presented with evidence that both Ms. Smith and Ms. Thomas purchased the same type of firearm from the same gun shop around the same time; that both women acquired permits to carry the firearms around the same time; that both claimed they purchased the firearms for protection; that neither woman presently owns a gun for protection despite living in the same residence; that Kellam used both women's cars in his June drug transactions; that Ms. Smith insured Ms. Thomas's vehicle on her auto insurance policy; and that both firearms were located in the bedroom of each residence where they would have been readily accessible to Kellam.

The government argues that, from the above facts, the jury could infer that Kellam possessed the firearm constructively and/or jointly with the two women and that the guns were purchased by and licensed to the two women in an

attempt by Kellam to disassociate himself from the firearms in the event of their discovery by law enforcement.

The court is satisfied that there was sufficient evidence presented at trial for a reasonable jury to find that Kellam had the power and intent to exercise dominion and control over the firearm at the Green Street residence. *United States v. Webster*, 608 F. Supp. 2d 583 (D. Del. 2009), *aff'd*, 400 F. App'x 666 (3d Cir. 2010).

For the foregoing reasons, the motion for judgment of acquittal on Count 5 will also be denied.

                                         s/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Dated: August 10, 2016