IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 14-cr-323** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **LAQUAN L. KELLAM** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 filed by Defendant Laquan Kellam. (Doc. 97.) The government has responded and the motion is ripe for decision. For the reasons that follow, the motion will be denied.

## I.      Legal Standard

Federal Rule of Criminal Procedure 33(a) permits the grant of a new trial "if the interest of justice so requires." A district court "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). Under Rule 33, the court must exercise its own judgment in assessing the government's case. *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008).

**II.**      <u>**Discussion**</u>

In his motion, Kellam has failed to set forth any grounds for justifying a grant of a new trial. He has not identified any error by this court arising from any ruling on an evidentiary issue or a jury instruction. He has not claimed any newly discovered evidence that would affect the outcome of the trial. Instead, Kellam argues that the verdict is against the weight of the evidence. The court will examine the claims made in the motion.

**A. Counts 1 to 3**

Kellam makes the following additional arguments concerning the June 2014 sales: (1) the phone calls setting up the controlled buys were not recorded; (2) the search of Crawford prior to the controlled buys did not include all of his body cavities; (3) the drugs taken from the sales were not tested for fingerprints or DNA; (4) the police never recovered the pre-recorded money used to purchase the drugs; and (5) some of the officers who witnessed the controlled buys did not testify at trial. (Doc. 99, pp. 4-6.)

At trial, Detective Lau, who has conducted "thousands" of controlled buys, was cross examined and refuted the value and practicality of testing drugs for fingerprints and DNA, conducting a full body cavity search, and recovering the money used in a buy. He also testified that the telephone calls setting up the buys were not recorded because he was present during the calls, heard the conversations,

and filed official reports on each buy. There was nothing to impeach Detective Lau's testimony.

On the "missing witness" issue, Kellam never requested a missing witness charge and did not indicate whether any witness had contrary testimony that would have changed or impeached the testimony of Detective Lau. The government does not have to call all possible witnesses or present all possible evidence. "It only has to present enough evidence or enough witnesses to prove its case beyond a reasonable doubt." *United States v. Williams*, 166 F. Supp. 2d 286, 298 (E.D. Pa. 2001).

Accordingly, the arguments raised by Kellam do not rise to the high standard required for a grant of a new trial on Counts 1-3.

## B. Count 4

The only new arguments raised as to Count 4 relate to an attack on the forensic scientists and the chain of custody.

Kellam argues that the testimony of the forensic scientists, Blascovich and Fialkowski, was lacking as to the process used. However, both scientists were certified by the court as experts in chemical analysis and controlled substances. They testified as to what tests were performed and the records they kept. They also testified that the machines used were calibrated by trained technicians and records were kept of those calibrations. The cross examination of these scientists did

nothing to undermine their analysis and conclusion that the substance they examined was crack cocaine.

As to the argument that the chain of custody of the drugs from the date of their confiscation to the date of their examination was lacking, this court at a sidebar conference admonished defense counsel that said objection was untimely. This court cited to its pretrial order which sets forth deadlines for raising this type of issue.[1]

Accordingly, the jury verdict on this count was not against the weight of the evidence. *United States v. Hill*, 2013 WL 5785898, at *9 (M.D. Pa. Oct. 28, 2013). A new trial will not be granted on Count 4.

## C. Count 5

Kellam's argument as to Count 5 is the same presented in his motion for Rule 29 relief and will not be repeated. Although the inquiry is not the same when deciding a motion for new trial, Kellam has not presented or shown that the verdict is so against the evidence that it gives rise to a miscarriage of justice. A new trial will not be granted on Count 5.

---

[1] The provision in the pretrial order (Doc. 12) is at paragraphs 11 & 12.

### III.   **Conclusion**

For the reasons stated above, Kellam will not be granted a new trial.

An appropriate order will follow.


 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 10, 2016