IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:14-CR-323** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LAQUAN KELLAM** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is the Motion for Compassionate Release filed by Defendant Laquan Kellam ("Defendant" or "Mr. Kellam"). (Doc. 144.) For the reasons outlined below, the court will deny the motion.

**I.   BACKGROUND**

On October 28, 2015, a grand jury indicted Mr. Kellam for three counts of possession and distribution of crack cocaine, one count of possession with intent to distribute crack cocaine, and one count of possession of a firearm in furtherance of drug trafficking. (Doc. 42.) On June 19, 2016, a jury found Mr. Kellam guilty on all five counts. On June 8, 2017, the court held a hearing to sentence Mr. Kellam. The court found that Mr. Kellam had never accepted responsibility for his crimes. Instead, he obstructed justice by lying under oath and successfully pressuring a witness to also lie. The court thus sentenced Mr. Kellam to 181 months in prison.

On May 14, 2020, Mr. Kellam filed a Motion for Compassionate Release. (Doc. 144.) The court thus appointed the Federal Public Defender's Office of the

Middle District of Pennsylvania to represent Mr. Kellam on this motion. (Doc. 145.) It proceeded to file briefing in support of his motion. (Doc. 151.) The government then filed an opposition (Doc. 152) to which Mr. Kellam replied (Doc. 154). This matter is thus ripe for review.

## II. STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community

as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2 Medical conditions that qualify as "extraordinary and compelling reasons" include:

(1) suffering from a serious physical or medical condition,
(2) suffering from a serious functional or cognitive impairment, or
(3) experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed…to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed…to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The burden rests with the defendant to show that a reduction in sentence is proper. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

## III. DISCUSSION

The court begins by assessing whether Mr. Kellam's circumstance is extraordinary and compelling. Mr. Kellam is able to demonstrate that the facility he is currently imprisoned within has had cases of COVID. He also argues that he has asthma, diabetes, and obesity, and that these all render him particularly vulnerable to a COVID infection. In response, the government argues that the facility in which he is imprisoned is effectively handling COVID and that Mr. Kellam's conditions are exaggerated. Specifically, the government argues that he is only pre-diabetic, he is no longer obese, and his asthma is mild, all of which render him different from a prisoner who would be particularly vulnerable to COVID.

Assessing these arguments, the court concludes that Mr. Kellam has narrowly shown an extraordinary and compelling circumstance. The court agrees that Mr. Kellam does not have a severe version of any of his conditions. However, asthma specifically inflicts weakness on the sufferer's lungs, raising significant concerns about how COVID might affect them. It would be beyond this court's level of expertise to say a certain severity of asthma is necessary before finding an extraordinary and compelling event. Nonetheless, because he does not appear gravely unhealthy, the court will only view Mr. Kellam's situation as moderately weighing against the public's interest in keeping him detained.

Turning to the § 3553(a) factors, the court finds that the public's interests in keeping Mr. Kellam detained outweigh his interests in being released.  In *United States v. Pawlowski*, the United States Court of Appeals for the Third Circuit held that a court properly exercised its discretion in denying a motion for compassionate release when the movant had only served two years of his fifteen-year sentence. 2020 WL 3483740, at *2-3 & n.6 (3d Cir. June 26, 2020).[1]  Here, Mr. Kellam has only served roughly four years of his over fifteen-year sentence.  He also has explicitly refused to take responsibility for his crimes and has taken efforts to obstruct the court from being able to hold him responsible.  Given these facts, releasing him at such an early stage would dilute the significance of the laws he has broken, grant him a partial abdication of responsibility, and potentially expose the public to further criminal activity.  The court's consideration of the 3553(a) factors thus reveals that the integrity of the legal system—an important facet of the public's interests—outweighs Mr. Kellam's personal interests in being released at this time.

---

[1]      While that case was originally unpublished, the Third Circuit recently granted the government's motion to convert the opinion to a published one, and it is currently modifying the opinion in minor ways before publishing a new published version. *See United States v. Pawlowski*, 2020 WL 4251677 (Mem) (3d Cir. July 24, 2020).

## IV. **CONCLUSION**

For the reasons outlined above, the court will deny the Motion for Compassionate Release. An appropriate order shall follow.

>                     */s/ Sylvia H. Rambo*
>                     SYLVIA H. RAMBO
>                     United States District Judge

Dated: August 7, 2020